USCA1 Opinion

 

 September 27, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1341 LEANDERS H. SMITH, Plaintiff, Appellant, v. WGBH-TV, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Leanders H. Smith on brief pro se. _________________ Alan D. Rose, Paul G. Lannon and Nutter, McClennen & Fish on _____________ _______________ _________________________ Memorandum In Support Of Motion for Summary Disposition for appellee. ____________________ ____________________ Per Curiam. Leanders H. Smith appeals the district __________ court's order denying his motion under Fed. R. Civ. P. 60(b) to reopen Smith's previously dismissed case against appellee WGBH Educational Foundation, Inc. We affirm.1 Smith's motion alleged that Smith had new evidence that the court's dismissal of his Title VII action against WGBH had been based on WGBH's "fraud, misrepresentation, . . . or other misconduct." According to Smith's affidavit, which was attached to the motion, the tape given by WGBH to the district court in 1989 recorded a 1981 telephone conversation with his supervisor at WGBH, John Plausse, and not a face-to-face conversation with Plausse in 1984-85, as WGBH had apparently represented. Smith also submitted a notation made by a union attorney, Eugene Salisbury, in connection with a 1982 labor grievance settlement. In relevant part, the notation stated simply "tapes," but Salisbury's December 1993 letter to Smith explained that "[t]he notation with respect to tapes has to do with your destroying certain tapes which you alleged contained John Plausse's voice in some threatening episodes and to furnish a copy to the company." ____________________ 1. Since the facts and legal arguments are adequately presented in the briefs and record and our decisional process would not be significantly aided by oral argument, we hereby deny Smith's motion for oral argument. See Fed. R. App. P. ___ 34(a). Smith's motion clearly had no merit. As Smith himself acknowledges in his brief, he had already presented the same argument about WGBH's alleged misrepresentation to the district court in his Motion for Relief From All Pending Orders of the Court and for the Court to Enter Default Judgment Against WGBH, dated February 27, 1990. That motion also indicated that Smith had actually submitted a copy of the 1981 tape to the court. In hearings before the court, Smith had also testified that the tape given the court by WGBH dated from before 1982. The court's order dismissing the case explicitly rejected that testimony, concluding that at least portions of the tape had dated from the relevant time period (March 15, 1982-June 4, 1986). Nor does Salisbury's notation or letter constitute evidence of misrepresentation by WGBH. Neither one states that the tape WGBH gave the district court was one of the tapes involved in the 1982 grievance settlement, or a tape that did not date from 1984-85, as WGBH had apparently asserted. It is Smith's affidavit that does so. But that affidavit was based on knowledge Smith obviously possessed in 1990, when he submitted his Motion for Relief to the court, and so was not newly discovered evidence. Therefore, the court did not abuse its discretion in denying Smith's motion to reopen his case on the ground that Smith had newly discovered evidence about WGBH's alleged misrepresentation. -3- Smith also argues that Salisbury's notation and letter show that the tape presented to the court was subject to the 1982 labor grievance settlement, in which WGBH had waived its right to litigate any claims arising out of the grievance. For that reason, argues Smith, the district court had no jurisdiction to base its dismissal of his Title VII action against WGBH on that tape. Smith's argument in this respect fails for a variety of reasons. First, no one questioned that the court had jurisdiction over Smith's Title VII action. WGBH had not given the court the tape in an attempt to relitigate substantive issues resolved in the 1982 grievance settlement, but to show the court that Smith had tapes he had denied possessing, a relevant question in the Title VII case. Second, Smith's argument assumes that the tape given to the court was a tape dating from 1981, but the court had found that at least portions of the tape dated from the relevant portion of the 1982-86 discovery period. Third, Salisbury's notation and letter do not say, let alone show, that the tapes discussed in connection with the 1982 grievance settlement included the one actually given to the district court in 1989 by WGBH. Finally, Smith failed to explain to the district court when he had first discovered Salisbury's notation, or why he could not have discovered the notation at some earlier time. (On appeal to this court, he says that -4- the notation was sent to him anonymously in December 1993.) Thus, the district court had no reason to believe that Smith's motion met the requirements for Rule 60(b) relief. See Fed. R. Civ. P. 60(b)(2) (permitting relief from a final ___ judgment on the ground of newly discovered evidence "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)"); Fed. R. Civ. P. 59 (b) (permitting a motion for a new trial to be brought within 10 days of entry of final judgment). As the above discussion shows, Smith's motion lacked any merit, and Smith had no legitimate basis for believing that the court would reopen his case against WGBH. This is especially so, since the allegedly new evidence did not show that WGBH had intentionally engaged in any misrepresentation as alleged, nor did it relieve Smith of culpability for the other instances of misconduct which had motivated the court to dismiss his action in the first place. Accordingly, we think that this appeal was frivolous within the meaning of Fed. R. App. P. 38, and we award double costs to WGBH. Affirmed. Double costs awarded to appellee WGBH. _________________________________________________ -5-